IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES | : |
| v. | :    No. 05CR00027-002(KAJ) |
| JOHNNY WALKER EWELL | : |

**Defendant's Sentencing Memorandum,**

**Preliminary Statement**

Johnny Walker Ewell comes before the court for sentencing on charges of Passing Counterfeit Federal Reserve Notes, 18 U.S.C. 473. Ewell entered a guilty plea to those charges on July 13, 2005. Ewell has accepted responsibility for his actions and understands the severity of the charges against him. Although Ewell's history of criminal activity began at a very young age and is fairly extensive, it is apparent that he lacked any meaningful positive adult guidance. Ewell has come to realize the seriousness of his actions and is making efforts to rehabilitate himself. The charges in the present case are less serious than most that come before this court. Based on the combination of these circumstances we ask the court to sentence him leniently.

**I. Objections to PreSentence Investigation Report**

The Defendant raises no objection to the PreSentence Investigation Report. Accordingly the appropriate Total offense Level is 7 and the Criminal History Category is III. This provides for a guideline range of 4 to 10 months in Zone B.

**II.    Sentencing Guidelines Are Advisory in Nature**

As the Court is well aware, the United States Supreme Court in the consolidated cases of United States v. Booker and United States v. Fanfan, 125 S. Ct. 738 (2005), ruled that the

language in the Sentencing Reform Act making the sentencing guidelines mandatory was to be stricken. The guidelines thus, in the words of the Court, become "effectively advisory" in all cases. *Id.* at 757. The guidelines are now just one factor among several that sentencing courts are required to consider in imposing a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a) (2).

According to 18 U.S.C. § 3553(a) (2) the four purposes of sentencing are retribution, deterrence, incapacitation and rehabilitation. In determining the sentence minimally sufficient to comply with the Section 3553(a) (2) purposes of sentencing, the Court must consider several factors listed in Section 3553(a). These are (1) "the nature and circumstances of the offense and history and characteristics of the defendant;" (2) "the kinds of sentencing available;" (3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable. 18 U.S.C. § 3553(a) (1), (a) (3), (a) (5)-(7). Thus, if the Court finds that the sentence called for by the now advisory Sentencing Guidelines is greater than necessary to comply with the purposes of sentencing, § 3553(a) would seem to require the Court to impose a more lenient sentence, or at the least, give the Court authority and discretion to do so.

### III. The Guideline Provisions Are Higher than Required to Achieve a Sentence That Is "Sufficient but Not Greater than Necessary" to Achieve the Purposes of Sentencing Set Forth in 18 U.S.C. § 3553(a) (2), Therefore the Court Should Sentence Below the Guideline Range.

A sentence should be sufficient but not greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. 3553(a)(2). As set forth above, those factors are retribution, deterrence, incapacitation and rehabilitation. In the present case those factors are achieved by a

sentence lower than the range set forth by the guideline calculations. A sentence that is below the guideline range would be sufficient to achieve the goals. Ewell requires support programs and rehabilitative sanctions to assist him in his efforts to overcome his youthful criminal behavior. A program involving work and rehabilitation would be far more conducive to his and society's ultimate well-being than a guideline sentence at a federal institution. Accordingly, the Court is respectfully requested to sentence Ewell either below the guideline range or to a house-arrest with rehabilitation and work requirements.

Respectfully Submitted,

Patrick J. Egan
239 S. Camac Street
Philadelphia, PA 19107
215-546-5040

## CERTIFICATE OF SERVICE

I hereby certify that the attached Memorandum has been served upon:

Beth Moskow-Schnoll
Assistant United States Attorney
United States Attorney's Office
1007 Orange Street
Wilmington, DE 19899-2046

by first class mail on this date: October 28, 2005

Patrick J. Egan
239 South Camac Street
Philadelphia, PA 19107
215-546-5040