The PROB 12
(Rev. 2/94)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Criminal Action No. 1:05CR00027-002(SLR) |
| ) | |
| Johnny Walker Ewell, ) | |
| ) | |
| Defendant. ) | |

**Petition on Probation and Supervised Release**

COMES NOW Frank Kurzeknabe PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Johnny Walker Ewell who was placed on supervision by the Honorable Kent A. Jordan. sitting in the court at Wilmington, Delaware on the 31st day of October, 2005 who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. Following the seven month period of incarceration, the defendant shall serve three months in a community corrections facility.
2. The defendant shall provide the probation officer with access to any requested financial information.
3. The defendant shall participate in a drug aftercare treatment program, at the direction of the probation officer, which may include testing.
4. The defendant shall participate in a mental health treatment program, focusing on anger management, at the direction of the probation officer.
Pay $100.00 special assessment.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

PRAYING THAT THE COURT WILL ORDER ... that a warrant be issued for Johnny Walker Ewell and that he appear before the Court for a Revocation Hearing to determine if he is in violation of the conditions of his supervised release.

ORDER OF COURT

Considered and ordered this __16th__ day of
__Jan.__, 2008.

_____
U.S. District Judge

Respectfully,

_____
U.S. Probation Officer

Place Wilmington, Delaware

Date January 16, 2008

PROB 12
RE: Johnny Ewell Walker
Dkt. No..: 1:05CR00027-002 (SLR)

Above probation officer has reason to believe that Johnny Ewell has violated the terms and conditions of his supervised release under such circumstances that may warrant revocation of his supervised release. These conditions are:

**MANDATORY CONDITION:** "While on supervised release, you shall not commit another Federal, state or local crime. The defendant shall not illegally possess a controlled substance".

**EVIDENCE:** The defendant was arrested by East Norriton Township Police in Norristown, Pennsylvania on May 27, 2007 on the charges of Retail Theft (2 cts.) And Criminal Conspiracy. Theses offenses allegedly occurred on May 27, 2007. On December 13, 2007, the defendant entered guilty plea in the Montgomery County Court of Common Pleas to a reduced charge of Disorderly Conduct and was sentenced on that same date to pay a $100.00 fine and costs. Thus, the offense, arrest, guilty plea, conviction and sentencing occurred during the defendant supervised release term. The remaining charges were nolle prossed. The defendant was represented by the Public Defender's Office (Regina Guerin).

**STANDARD CONDITION No. 1:** "The defendant shall not leave the judicial district without permission of the Court or probation officer."

**EVIDENCE:** The defendant was arrested by East Norriton Township Police in Norristown, Pennsylvania on May 27, 2007 on the charges of Retail Theft and Criminal Conspiracy. On December 13, 2007, the defendant appeared in the Montgomery County Court of Common Pleas and entered a guilty plea to reduced count of Disorderly Conduct. The defendant had not requested nor had the defendant been approved permission by the Court or the probation officer to leave Delaware and to travel to Pennsylvania on that date.

**STANDARD CONDITION No. 2:** "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."

**EVIDENCE:** The defendant appeared for an office visit on December 14, 2007. During that office visit, the defendant was provided with both verbal and written instructions to appear for his next office visit on Monday, January 14, 2008 at 8:30 a.m. The defendant failed to appear for that office visit as scheduled. The defendant also failed to telephone, write or appear in person in order to explain his absence to the probation officer.

**EVIDENCE:** The defendant has failed to submit his reports for the months of November and December 2007. During an office visit on December 14, 2007, the defendant was directed to submit his November monthly report by December 17, 2007. The defendant failed to submit that report as directed. Additionally, the defendant has failed to telephone, write or appear in person in order to explain why his monthly reports have not been submitted nor provided any information as to when the reports will be submitted.

**STANDARD CONDITION No. 7:** "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician".

**EVIDENCE:** The defendant submitted the following random urine tests to the SODAT Program which were all positive for marijuana and PCP:

| Date | Specimen |
|---|---|
| December 26, 2007 | (Specimen #C00774056) |
| December 18, 2007 | (Specimen #C00774073) |
| December 10, 2007 | (Specimen #C00774087) |
| December 6, 2007 | (Specimen #C00774096) |
| November 29, 2007 | (Specimen #C00774109) |
| November 8, 2007 | (Specimen #C00917133) |
| October 16, 2007 | (Specimen #C00773938) |
| October 5, 2007 | (Specimen #C00773955) |

September 28, 2007    (Specimen #C00451184)
September 11, 2007    (Specimen #C00451186)

**SPECIAL CONDITION:** "The defendant shall participate in a drug and/or alcohol aftercare treatment program, at the direction of the probation officer, which may include testing."

**EVIDENCE:**   The defendant was referred to the SODAT Program on October 11, 2007 due to the defendant submitting marijuana and PCP positive urine tests on September 11 and September 28, 2007. The defendant's treatment plan included three random urine tests per month, monthly individual counseling session and weekly group counseling sessions. The defendant has failed to appear for random urine testing as required by the SODAT Program on the

January 7, 2008
November 12, 2007
October 30, 2007